### JAYNE v. NASH LUMBER Co.

[71 South. 10.]

TRESPASS. *Action for damages. Sufficiency of complaint.*

> A declaration alleging that pursuant to a contract between plaintiff and defendant a lumber company, the defendant in 1911 cut timber amounting to fifty-three thousand feet and in 1912, to the amount of ten thousand feet and owed a balance thereon of thirty-eight dollars and sixty-two cents; that plaintiff notified defendant that he would expect rent for a mill site after 1911, for the first eight months of 1912 at ten dollars a month and after that at twenty dollars a month; that after notice the defendant kept trespassing on plaintiff's land, and asking damages for a willful trespass, with an itemized statement of indebtedness annexed thereto and asking judgment on the amount thereof, stated a good cause of action.

APPEAL from the circuit court of Rankin county.

HON. C. L. DOBBS, Judge.

Suit by R. K. Jayne against the Nash Lumber Company. Demurrer sustained to plaintiff's declaration and he appeals.

This is an appeal from a judgment of the circuit court sustaining a demurrer to plaintiff's declaration, which is as follows:

Comes R. K. Jayne, plaintiff, and sues Nash Lumber Company, a corporation or partnership, which has been operating a mill on the lands of said Jayne, in Rankin county, state of Mississippi, and for cause of action says:

That in pursuance of a contract made and entered into by and between Nash Lumber Company (through its agent W. B. Nash) and said Jayne on the fourteenth (14) day of February, 1911, the said Nash Lumber Company did in the year 1911 cut timber to the amount of fifty-three thousand, two hundred and one feet and in the year 1912 did cut timber to the amount of ten thousand, and forty-four feet, besides a small amount of oak timber, and that he still owes a balance on said timber of thirty-eight dollars and sixty-two cents the last money paid by him being June 8, 1911.

Jayne further states that in October, 1911, he wrote Nash insisting that he finish cutting his timber and not stray off onto other places, and notified said Nash that as he had had plenty of time to cut his timber, he should expect pay for the use of the mill site. Jayne has a copy of the letter to this effect. A little later, however, in a personal interview, Nash urged that he was doing the best he could and Jayne agreed not to charge for the use of the mill site for the balance of said year 1911, but notified Nash that he would expect rent after that. Still later, in the latter part of December, Nash approached Jayne and stated that he had bought the timber on the school eighty and would like to keep his mill there good part of the following year and would be willing to pay a reasonable rent. The rate of rent was never fixed. On July 31, 1912, Jayne wrote W. B. Nash, agent for said Nash Lumber Company, stating that he should expect rent for the mill for the first eight months (through August 31st) at ten dollars a month, and that after that date the rent would be twenty dollars a month. In the same letter he notified Nash that he must not cut any more timber off of his (Jayne's) land. But contrary to this notice Nash did cut five trees, for which he has made no accounting.

Jayne regards this a willful trespass and asks for statutory damage.

Furthermore Jayne states that he was the owner of the timber on the Country Club land, he having bought it of the county at the same time he bought that on his own place, that the Country Club afterward confirmed and ratified this purchase and that Nash and the Nash Lumber Company, not only had no right to cut any of this timber, but that they were especially shown the line between the two tracts and guarded against getting on the said club land, and for over a year they did strictly regard this line, but finally they did deliberately, as it appears, invade the said Country Club land and cut therefrom one hundred and fifty-one (151) trees. That Jayne asks for this willful trespass full statutory damage of $15 a tree.

That Jayne claims, therefore, that Nash Lumber Company is indebted to him:

Balance on timber during 1911 and 1912 ...... $ 38.62
Rent of mill site January 1 to August 31, inclusive .................................... 80.00
Rent of mill site September 1 to November 1, 1912 ................................... 40.00
The willful cutting and removing of five (5) trees ................................ 75.00
The willful cutting and removing of 151 trees.. 2,265.00
 Total ............................. $2,498.62

Now, therefore, the plaintiff, R. K. Jayne, sues the said Nash Lumber Company for the sum of two thousand, four hundred and ninety-eight dollars and sixty-two cents and prays that judgment be given him.

*Stingley & McIntyre,* for appellants.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from the circuit court of Rankin county. The declaration of plaintiff in the court below states a good cause of action, and the court erred in sustaining the demurrer thereto.

*Reversed and remanded.*